**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Donald George WOODFIELD, Defendant—Appellant.**

No. 04–50225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 10, 2005.

Jason Debretteville, AUSA, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Jonathan D. Libby, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: REINHARDT, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM *

We consider whether the government breached Woodfield's plea agreement. We may address the breach of plea agreement issue without regard to the waiver of appeal contained in that agreement. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996).

1. Woodfield argues that the government breached its promise, set forth in Paragraph 17(c) of the plea agreement, "[t]o recommend that defendant be sentenced at the low end of the applicable Sentencing Guidelines range" by recommending a lifetime term of supervised release. The agreement is at least ambiguous with regard to whether the government's promise included recommending the low end of supervised release range.

We "enforce the literal terms of the plea agreement, but construe ambiguities in favor of the defendant, ordinarily placing on the government responsibility for any lack of clarity." *United States v. Franco–Lopez*, 312 F.3d 984, 989 (9th Cir.2002) (internal quotation marks and citations omitted). Construing the agreement in favor of Woodfield, we hold that the government's promise to recommend the low end of the sentencing range extended to supervised release. A lifetime term was not at the low end of the supervised release range; two years was the low end. The government therefore breached its plea agreement with Woodfield by recommending a lifetime term of supervised release.

We therefore vacate Woodfield's sentence and remand.

2. Ordinarily, the district court may allow Woodfield to withdraw his plea or may require specific performance by the government of its recommendation on re-sentencing. *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Anderson*, 970 F.2d 602, 608 & n. 8 (9th Cir.1992). In this case, however, both the role of the Guidelines generally and the specific Guideline concerning potential enhancements have changed significantly since Woodfield originally bargained with the government. *See United States v. Booker*, —— U.S. ——, —— – ——, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005) (rendering Guidelines advisory); U.S.S.G. app. C (2004) (explaining that Amendment 664 consolidated U.S.S.G. § 2G2.4(b)(2) and § 2G2.4(b)(5)(A) to "avoid[ ] potential litigation regarding issues of 'double counting' "). These changes render it impossible for specific performance to provide Woodfield with "the full benefit of his bargain with the government" on resentencing. *See Franco–Lopez*, 312 F.3d at 994. The district court is therefore directed to allow Woodfield the opportunity to withdraw his plea and void the plea agreement.[1]

We do not consider the remaining challenges raised by Woodfield, as we do not know whether the conviction will stand and, if so, whether Woodfield will receive the same conditions on re-sentencing. We do note that some of the challenges raised to the conditions of supervised release prescribed are not insubstantial, and those

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although we ordinarily order that cases in which plea agreements have been breached

be heard on remand before a new district judge, *see Franco–Lopez*, 312 F.3d at 994 n. 7, such an order is not necessary here as the original district judge is no longer sitting.

conditions therefore should be considered carefully if recommended again.

**VACATED AND REMANDED.**